■ In the Matter of JOHN CICCIO, Appellant, v. BERNARD J. O'CONNELL, as Commissioner of Licenses of the City of New York, Respondent.— Order, entered on September 6, 1961, unanimously reversed on the law and on the facts, with $20 costs and disbursements to appellant, and the petition granted to the extent of annulling the determination of the Commissioner of Licenses refusing to grant a locksmith and keymaker's license to petitioner and directing the issuance of such license. The commissioner's determination that petitioner was not a fit and proper person to be granted a license rested, in the main, upon petitioner's record of convictions — over 30 years ago — for petit larceny and attempted forgery. It is undisputed, however, that since 1932 petitioner has lived a proper life and has been gainfully and steadily employed. Since 1955, petitioner has been employed as the chief engineer of a hotel in Manhattan which is a member of the Hotel Association of New York City. As such chief engineer, petitioner has always had in his possession the master key to every room in the hotel. That has been so in the case of the other hotels in which petitioner was employed before 1955. Petitioner's averment that there has never been an incident of unlawful entry or thievery during his employ in any of these hotels stands uncontradicted in the record. When, in November, 1960, the Hotel Association issued a bulletin to its members requiring all hotel chief engineers, who make keys and work on locks, to be licensed, petitioner applied for the license which has been refused.

There is no question about the power of the License Commissioner to consider the character and fitness of an applicant for the issuance of a locksmith's license. Where the commissioner has made a finding of personal unfitness, the courts may only consider whether there is substantial evidence to support that determination or whether the determination constitutes an arbitrary or capricious abuse ·of discretion. In *Matter of Barton Trucking Corp.* v. *O'Connell* (7 N Y 2d 299) the Court of Appeals discussed the effect of a prior criminal record in the matter of issuing or refusing licenses. According to that case, the controlling factors are the nature and locale of the convictions and their relation to the apparent purpose of the licensing statute. In the instant case, while the old convictions did involve some element of larceny, they were not crimes against which the licensing statute for locksmiths was obviously directed, e.g., burglary and unlawful entry. The remoteness of the convictions from the apparent purpose of the statute leads us to the conclusion that the denial of the license, under the circumstances of this case, was not supported by substantial evidence and should be annulled. Settle order on notice. Concur— Rabin, J. P., Valente, Stevens, Eager and Steuer, JJ.